# Staunton

## THE HOME INSURANCE COMPANY V. PETER MILLER.

September 20, 1934.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Browning and Chinn, JJ.

The opinion states the case.

*James G. Martin,* for the plaintiff in error.

*Tazewell Taylor, Jr.,* for the defendant in error.

BROWNING, J., delivered the opinion of the court.

The Home Insurance Company issued to Peter Miller a fire insurance policy on furniture, fixtures, tools, implements and apparatus, contained in the restaurant at 1134 East Brambleton avenue, Norfolk, Virginia, upon which premises he had a lease. The policy is a standard one under the statute of Virginia (Code 1930, section 4305a). It contains the stock clause:

"This entire policy shall be void, unless otherwise provided by agreement in writing added hereto, (a) if the interest of the insured be other than unconditional and sole ownership."

The policy was issued on the eleventh day of May, 1931, and on the fifteenth day of June, 1931, the property in the restaurant was destroyed by fire. The amount of the insurance covered by the policy was $1,000.

Miller instituted suit upon the policy, and upon the trial the jury rendered a verdict for the plaintiff in the sum of $800, and the trial court sustained the verdict.

The company denied liability on the ground that the plaintiff did not have unconditional and sole ownership of the property as required by the policy, but a large part of the property covered by the policy was, at the time of its issuance, and at the time of the fire, under a reservation of title contract in favor of the Bear Equipment Company, which had title thereto, and had contracted to sell it to plaintiff's wife, not to plaintiff. The property was delivered at the restaurant, and was there located at the time that the

policy was written and at the time it was destroyed by fire. It was averred in the declaration that the property insured was that of the plaintiff, and that the plaintiff had observed and complied with all of the conditions and stipulations of the policy, and had violated none of its prohibitions. The defendant demanded a bill of particulars as to the date and from whom the property was acquired, as to each of the articles lost or damaged as the result of the fire. In the bill of particulars it was stated that a large portion of the property was acquired by the *plaintiff* from the Bear Equipment Company in 1930. The conditional sales contract, by the terms of which, the seller reserved title to the property, was executed by Annie Miller, who was operating the "cafe," which was, at the time of its execution, on Bank street in the city of Norfolk, and the list of the articles sold and embraced in the contract was made out to Annie Miller, *i. e.*, in her name.

It will be noted at once, that this was in conflict with the averments in the declaration and in the bill of particulars of ownership of the property by the plaintiff, and also in conflict with the averment in the declaration that the plaintiff had complied with all of the stipulations of the policy of insurance.

The Annie Miller referred to was the wife of the plaintiff. It may here be said that the licenses to sell soft drinks, and to operate a restaurant at the Brambleton avenue location, were issued in her name.

There is no question as to the amount of the verdict. The only question is as to the liability of the defendant.

The policy, the conditional sales contract, with a list of the property sold under it, and other papers which are not important were made exhibits and put in evidence.

The court admitted as evidence oral testimony as to conversations between the defendant's agent, who solicited the insurance, and the plaintiff and his daughter when the policy was sought, and at the time of its delivery. The purpose of this testimony was to count up the defendant's defense as to the sole and unconditional ownership requirement of

the policy, by the contention that the plaintiff disclosed to the agent the fact that he was buying the property from the Bear Equipment Company under the conditional sales contract.

The evidence upon the plaintiff's behalf tends to show that he did make such disclosure; that the agent made no direct and definite inquiry as to ownership of the property which he was insuring; that the money which Annie Miller paid the Bear Equipment Company for the property belonged to the plaintiff, and which he had given her for the purpose, and that plaintiff was the real owner of the property.

The plaintiff contended that this testimony was admissible, not to contradict the policy, but by way of equitable estoppel to prevent the use of its condition to defeat a recovery.

It was also urged that notice that this evidence imparted to the agent was notice to his principal, the defendant. The soundness of these contentions as abstract principles of law is not controverted, and if the plaintiff had informed the agent that the legal title to the property was in his wife, the contentions would have been effective. But the plaintiff does not pretend to have disclosed to the agent that his wife was buying the property, and that the conditional sales contract was in her name, or that she had anything to do with it. Here, then, was where the plaintiff utterly failed to observe and comply with the stipulations of the policy as to sole and unconditional ownership being in him. By the express terms of the policy the agent had no authority to waive any of its conditions, and in this case he was not advised by the plaintiff of his wife's interest in the matter.

█ This court has upheld the condition referred to as a valid one.

The case is controlled by our ruling in the case of *North River Insurance Company* v. *Belcher*, 155 Va. 588, 155 S. E. 699.

We reverse the judgment of the trial court, and enter judgment for the defendant.

*Reversed.*